IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTONIO NATHANIEL CHANDLER,**<br>*Plaintiff*<br>**v.**<br>**EXPERIAN INFORMATION SOLUTIONS, INC.,**<br>*Defendant* | **Civil No. 25-3420** |

**MEMORANDUM**

**Costello, J.** **October 2, 2026**

Pro se Plaintiff Antonio Nathaniel Chandler sued Experian Information Solutions, Inc. under the Fair Credit Reporting Act ("FCRA"), §§ 1681e(8) & 1681i(a). Plaintiff obtained a copy of his consumer credit report and allegedly found several inaccuracies. He submitted a written dispute to Defendant and alleges the Defendant did not sufficiently conduct a reasonable investigation in response. Based on this, Plaintiff filed a Complaint citing violations of the FCRA. Following that, Plaintiff conducted no discovery and failed to respond to Defendant's discovery requests. After the end of the discovery period, Defendant moved for summary judgment. The Court will grant the motion because Plaintiff is unable to establish that the information reported by Defendant was inaccurate.

## I. BACKGROUND

On March 4, 2025, Plaintiff Chandler obtained a copy of his consumer credit report prepared by Defendant Experian Information Solutions, Inc. Compl. ¶ 6 (ECF No. 1). After reviewing the report, Plaintiff found what he believed to be many inaccuracies. *Id.* ¶ 7. These

inaccuracies are listed in his Complaint, accompanied by parentheticals establishing the basis for his belief. *Id.* Three weeks later, Plaintiff submitted his first written dispute to Defendant requesting a reinvestigation and correction of his credit report. *Id.* at 19 & ¶ 9. He submitted subsequent disputes on March 31st and April 3rd. *Id.* at 20-21. Plaintiff alleges that Defendant failed to conduct a reasonable reinvestigation in response. *Id.* ¶ 10.

Defendant asserts that they received Plaintiff's written dispute and forwarded it to the furnishers of the disputed accounts. Br. Supp. Def.'s Mot. Summ. J. at 3 (ECF No. 28-1). The furnishers completed their review and either verified that the reporting was accurate or updated the reporting. *Id.* After this, Defendant sent the results to Plaintiff. *Id.* This same process was completed for the second and third written disputes sent by Plaintiff. *Id.* at 3-4.

Defendant now argues, among other things, that Plaintiff cannot establish his FCRA claims because he has offered no evidence to establish the inaccuracy of any of his disputed accounts. *Id.* at 6, 9. Plaintiff responded that he "will present documentary evidence establishing inaccuracies concerning the disputed accounts." Pl.'s Mem. Opp. Def.'s Mot. Summ. J. at 2 (ECF No. 36). However, Plaintiff never offered any such evidence.

## II. LEGAL STANDARD

Summary judgment is appropriate if the movant shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "To defeat a motion for summary judgment, there must be a factual dispute that is both material and genuine." *Bennett v. SEPTA*, No. 23-1271, 2024 WL 404959, at *6 (E.D. Pa. Feb. 2, 2024), *aff'd sub nom.*, *Bennett v. Se. Pa. Transp. Auth.*, No. 24-1376, 2025 WL 1248815 (3d Cir. Apr. 30, 2025). A fact is material if it "might affect the outcome of the suit under the governing law[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a

material fact is "genuine" if, "based on the evidence, 'a reasonable jury could return a verdict for the nonmoving party.'" *Bennett*, 2024 WL 404959, at *6 (quoting *Anderson*, 477 U.S. at 248).

The movant bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016). "When the movant is the defendant, they have the burden of demonstrating that the plaintiff 'has failed to establish one or more essential elements of her case.'" *Bennett*, 2024 WL 404959, at *6 (quoting *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013)). "In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). "If Plaintiff fails to raise a genuine dispute of material fact as to any element of his prima facie case, summary judgment in favor of Defendant is warranted." *Hanafy v. Hill Int'l, Inc.*, 669 F. Supp. 3d 419, 433 (E.D. Pa. 2023) (citing *Geraci v. Moody-Tottrup, Int'l, Inc.*, 82 F.3d 578, 580 (3d Cir. 1996)).

As stated previously, Plaintiff did not engage in the discovery process. A plaintiff cannot rely on the allegations in the Complaint to defend against summary judgment. *Viger v. Com. Ins. Co. of Newark*, 707 F.2d 769, 771 (3d Cir. 1983) ("Naked assertions in the pleadings are insufficient to withstand summary judgment."); *see also Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) ("[S]ummary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record.").

## III. DISCUSSION

Plaintiff brings two claims stemming from the FCRA: the first based on Defendant's alleged failures to follow reasonable procedures to ensure maximum possible accuracy, 15 U.S.C. § 1681e(b), and the second based on Defendant's alleged failure to conduct a reasonable

investigation after Plaintiff submitted a dispute regarding inaccurate information, 15 U.S.C. § 1681i(a).

To prevail on either claim, Plaintiff must show that inaccurate information was included in his credit report. *Angino v. Trans Union LLC*, 784 F. App'x 67, 69–70 (3d Cir. 2019) (affirming the District Court's grant of summary judgment as to alleged violations of 15 U.S.C. § 1681e(b) and § 1681i(a) because plaintiffs failed to identify specific incorrect information). Establishing inaccuracy is a threshold requirement. *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342 (3d Cir. 2022) ("An inaccuracy is the threshold requirement for a § 1681e(b) claim."); *id.* at 344 (For a § 1681i(a) claim, "before a court can consider whether an agency's reinvestigation was reasonable, it must first determine that the disputed information was in fact inaccurate."). Plaintiff has failed to make the necessary showing.

In his Complaint, Plaintiff listed nearly three pages of purported inaccuracies. ECF No. 1 ¶ 7. He included explanations describing the alleged errors. *Id.* But Plaintiff has not offered any evidence beyond his own allegations to establish the inaccuracy of any of these disputed accounts. Plaintiff claimed he would "present documentary evidence establishing inaccuracies," (ECF No. 36 at 2), but he never did.

Under these circumstances, Plaintiff's claims cannot survive summary judgment. As stated above, he cannot merely rely on the allegations in his Complaint. Instead, he must rebut Defendant's motion with facts in the record. *See Berckeley Inv. Grp., Ltd.*, 455 F.3d at 201. He failed to do so. Accordingly, he has failed to raise a genuine dispute of material facts as to an essential element of his prima facie case.

## IV. CONCLUSION

Defendant demonstrated the absence of a genuine dispute of material fact with respect to a threshold issue. Plaintiff failed to rebut this showing. For that reason, the Court will grant Defendant's motion for summary judgment. An appropriate order follows.

**BY THE COURT:**

MARY KAY COSTELLO
United States District Judge